STEILACOOM LAKE IMPROVEMENT CLUB INC., a Washington corporation; Gary J. Barton; Larry R. Bauml; Diane P. Bauml; Carol Y. Baydo; Bruce A. Bodine; Debbie M. Bodine; Randy J. Bridges; Marcia J. Bridges; Anne Brinson; Mark Ceccarelli; Pete Colbert; Bonnie J. Colbert; David Cullinane; Dennis R. Dearth; Mary Dearth; Dennis Drouillard; Dennis L. Helseth; Susan E. Helseth; Leonard T. Holmes; Dean Hunter; Cynthia Hunter; James Kirkebo; Roger B. Lee; Sylvia K. Lee; Thomas C. Lowry; Ruth Lowry; Phyllis E. McCallum; Charles J. McCallum; Elden McDonald; Patricia Terry; Robert D. McMahon; Beth McNaughton; Marse McNaughton; Robert A. Moawad; Andrea L. Moawad; Paul E. Noges; Joseph Still; Bradley R. Weaver; Sig Weedman; Diana L. Weedman; John & Jane Doe, 1—350; Cliff Alton; Kay Alton; Gregory E. Arnette; Karen S. Arnette; Stanley C. Carlson; Gwen R. Carlson; Wallace E. Christopherson; Joseph Clabots; Maria Teresa Clabots; Gregory S. Horn; Mary J. Horn; Edward M. McFerran; Karl Schelhammer; James Stone; Steve G. Turlis, Plaintiffs—Appellants,

v.

WASHINGTON STATE OF; DEPARTMENT OF NATURAL RESOURCES WA; Ecology Department of the State of Washington; Pierce County; City of Lakewood; Environmental Protection Agency; EPA Administrator; Dept. of Defense; Secretary of the United States Department of Defense; United State Department of the Army; Secretary of the Army; United States Air Force; Secretary of the Air Force; Gary Locke; Doug Sutherland; Fran McNair, Aquatics Steward; Tom Fitzsimmons, Defendants—Appellees.

No. 03–35888.
D.C. No. CV–01–05529–RJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2005.

Decided July 6, 2005.

Ralph U. Klose, Esq., Robert Andrew Battles, Esq., Robert I. Goodstein, Esq., Goodstein Law Group, Tacoma, WA, for Plaintiffs—Appellants.

Andrew A. Fitz, Esq., Michael James Zevenbergen, Esq., Office of the Attorney General, Ecology Division, Olympia, WA, Daniel R. Hamilton, Esq., Pierce County Prosecuting Attorney's Office, Civil Divi-

sion, Tacoma, WA, Tad H. Shimazu, Esq., Williams, Kastner & Gibbs, PLLC, Steven Goldstein, Esq., Kenneth S. McEwan, Esq., Paul D. Carey, Esq., Lara M. Traylor, Esq., Betts, Patterson & Mines P.S., Seattle, WA, Aaron P. Avila, Esq., DOJ—U.S. Department of Justice, Environment & Natural Resources Division, Timothy B. Walthall, Esq., Charles A. Quinlan, III, Esq., DOJ—U.S. Department of Justice, Torts Branch/Civil Division, Washington, DC, Mark A. Nitczynski, Esq., U.S. Department of Justice, Environmental Enforcement, Denver, CO, for Defendants—Appellees.

Before: FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM [*]

Steilacoom Lake Improvement Club, Inc. (SLIC) appeals the district court's order granting summary judgment to the United States, the State of Washington, Pierce County, the City of Lakewood, and individuals associated with the government parties (collectively "defendants") on SLIC's claims asserting violations of the Clean Water Act (CWA), 33 U.S.C. § 1251 et seq., and the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 et seq., as well as state law claims of negligence, nuisance, inverse condemnation, and trespass. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

## I

Steilacoom Lake, an artificial lake in Pierce County, Washington, has an overabundance of phosphorus, which causes excessive weeds and algae and prevents the lake from meeting state water quality standards.[2] Pierce County, the City of Lakewood, and the United States own properties in the Steilacoom Lake watershed that drain into Steilacoom Lake's two tributaries, Clover Creek and Ponce de Leon Creek. SLIC argues that under its evidence the defendants should be held responsible for Steilacoom Lake's weedy and algal condition because their properties add an unknown but significant quantity of phosphorus to Steilacoom Lake's tributaries, phosphorus that reaches the lake and contributes to its water quality problems.

Faced with the defendants' summary judgment motions, SLIC had the burden to submit significantly probative evidence, creating a genuine issue of material fact and upon which "a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir.1995). We view the evidence in the light most favorable to the appellants. *Ground Zero Ctr. for Non–Violent Action*, 383 F.3d at 1086. Nonetheless, even with the benefit of this generous standard of review, we conclude that SLIC failed to carry that burden. The causal evidence necessary for a reasonable jury to link the defendants to the water quality problems of Steilacoom Lake is missing: SLIC did not submit evidence from which a reasonable jury could conclude that the actions of the defendants, individually or collectively, caused the increased phospho-

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[1] We review the district court's grant of summary judgment de novo. *Ground Zero Ctr. for*

*Non–Violent Action v. United States Dep't of Navy*, 383 F.3d 1082, 1086 (9th Cir.2004).

[2] Because the facts are well known to the parties, we recite them here only as is necessary to our disposition.

rus levels in the lake and thereby caused the lake's problems from which appellants claim injury.

The Steilacoom watershed creates an unknown amount of phosphorus internally. SLIC has not offered evidence establishing a baseline determination of phosphorus in the watershed from which a jury could determine how much of the phosphorus problem is caused by naturally occurring phosphorus and, by contrast, how much is caused by phosphorus contributions of the defendants or other sources.[3] Without knowing the baseline phosphorus level, it is not possible to know if Steilacoom Lake's problems caused by excessive phosphorus would exist without the defendants, and so a reasonable jury could not conclude that the defendants were a proximate cause of the phosphorus problems.

■ Even assuming that the record is sufficient for a reasonable jury to conclude that the phosphorus problems are created by external causes, the record is silent as to: what activities of the defendants might have increased the phosphorus load of the creek; what contribution of excess phosphorus is attributable to any defendant; and how much excess phosphorus is contributed by any of the many other watershed property owners. SLIC's expert testified that any attempt to discern the quantity of phosphorus attributable to each defendant, or what activity of any defendant caused that phosphorus load, would require him to "speculate." However, "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty, Coll.,* 83 F.3d 1075, 1081–82 (9th Cir.1996). Without a baseline determination of naturally occurring phosphorus and an evidentiary basis tying an individual defendant to the problems caused by excessive phosphorus, a reasonable jury could not hold the defendants responsible for the problem.[4]

3. SLIC expert David Templeton testified in deposition:

> Q: You have not sought to determine the amount of phosphorus load in Clover Creek that is attributable to natural background sources versus the amount of the phosphorus loading Clover Creek from human activities; is that right?
> A: We have not made any determination or opinions on what determines background or not.
> Q: So the answer to my prior question is yes?
> A: Would be yes.
> Q: Similarly, for Ponce de Leon Creek, you have not determined the amount of the phosphorus load in that creek that is attributable to natural background sources versus the amount of phosphorus load in that creek attributable to human activities, correct?
> A: That is correct.
> Q: This may be somewhat repetitive, but for any particular potential source of phosphorus entering Clover Creek, you have not sought to determine the amount of phosphorus loading from natural background and how much from human activities; is that right?
> A: That is correct.

4. SLIC claims that the district court improperly "weighed" Templeton's testimony. Confronted with the defendants' summary judgment motions, SLIC submitted a new declaration from Templeton claiming that his company's reports "clearly demonstrate" that each defendant "caused phosphorus loading into Steilacoom Lake to increase." Yet, in his previous deposition testimony, Templeton had testified that SLIC lacked any phosphorus specifics: "The club's contention all the way along ... was [that] the source was the creeks, and we did not spend time and money to ... determine who within each of those basins is discharging how much phosphorus." The district court noted that Templeton's new conclusion was "not wholly supported by the evidence in the case.... [Templeton's] opinion, that the defendants are responsible for the loading and that the result is the impaired condition of the lake, is a jump that is not supported in the record." These comments do not involve a weighing of evidence but sim-

## II

As we assess the elements of each of SLIC's federal and state law claims below, we conclude that the lack of causation evidence requires us to affirm the district court's grant of summary judgment.

### A

■ Appellants' CWA citizen suit claim fails because appellants did not offer evidence from which a reasonable jury could conclude that the defendants are in violation of any National Pollutant Discharge Elimination System (NPDES) permit conditions requiring a defendant not to contribute to the violation of state water quality standards, 33 U.S.C. § 1365(a)(1), (f), or that those discharges came from a discrete point source, *see, e.g., Natural Res. Def. Council v. EPA,* 915 F.2d 1314, 1316 (9th Cir.1990).

■ SLIC's RCRA claims against all defendants except the State of Washington similarly fail because SLIC did not offer evidence from which a reasonable jury could conclude that any defendant was the source of any quantity of phosphorus that reached the lake; hence, SLIC made no showing how the defendants were "contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste" in Steilacoom Lake. 42 U.S.C. § 6972(a)(1)(B). The defendants' mere ownership of property in the lake watershed is not alone sufficient to meet the definition of "disposal." *Carson Harbor Vill., Ltd. v. Unocal Corp.,* 270 F.3d 863, 887 (9th Cir.2001) (en banc).[5]

■ SLIC also contends that the State of Washington should be held liable under RCRA because the State's alleged failure to regulate the disposal of phosphorus by the defendants should be considered a form of "disposal" under RCRA, and because the State has a proprietary interest in the submerged lake bed and water. As to the former argument, SLIC has not provided sufficient evidence from which a reasonable jury could conclude that the other defendants are engaged in illegal conduct, negating any claim that the State could be held responsible for failing to regulate that allegedly illegal conduct. As to the latter claim, the mere passage of any contaminants over property owned by the State is insufficient evidence from which a jury could conclude that the State "dispos[ed]" of any waste. *See Carson Harbor Vill., Ltd.,* 270 F.3d at 887.

### B

■ SLIC's failure to produce causation evidence from which a reasonable jury could find in its favor is also decisive when

___

ply point to the gap in SLIC's causation evidence, which was a necessary predicate for the expert's opinion, and to the unsupported leap between Templeton's earlier testimony and his later claims offered in opposition to the defendants' motions for summary judgment. Moreover, a party cannot create an issue of fact by contradicting the deposition testimony of its own witness with a later declaration by the same witness. *Foster v. Arcata Assoc., Inc.,* 772 F.2d 1453 (9th Cir. 1985).

5. Moreover, even if SLIC had produced sufficient evidence for a reasonable jury to conclude that the phosphorus was a non-natural condition attributable to defendants, the harm from excessive phosphorus, did not, on the evidence SLIC submitted, "present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B). The only evidence in the record of danger is a 1992 Pierce County Health Warning advising that water activities should not be undertaken until the algae bloom subsided. However, past dangers do not qualify, *Meghrig v. KFC W., Inc.,* 516 U.S. 479, 488, 116 S.Ct. 1251, 134 L.Ed.2d 121 (1996), and SLIC offered no evidence of current dangers caused by the lake's condition, let alone any present dangers that could be termed "imminent and substantial."

applied to SLIC's claims under Washington law. SLIC's negligence claim fails because SLIC did not offer evidence from which a reasonable jury could conclude that any of the defendants have breached a duty through an unlawful act. *Hartley v. State,* 103 Wash.2d 768, 698 P.2d 77, 82–83 (1985) (en banc).

■ SLIC's nuisance claim fails because SLIC has not offered evidence from which a reasonable jury could conclude that any of the defendants caused either injury to the appellants' property or unreasonable interference with the enjoyment of appellants' property. *Tiegs v. Watts,* 135 Wash.2d 1, 954 P.2d 877, 883–84 (1998).

■ SLIC's inverse condemnation claim fails because inverse condemnation requires the government activity to be the direct or proximate cause of the landowner's loss, *Price ex rel. Estate of Price v. City of Seattle,* 106 Wash.App. 647, 24 P.3d 1098, 1105 (2001).

■ Finally, trespass requires a showing of interference with a party's right to possess property. *Bradley v. Am. Smelting and Ref. Co.,* 104 Wash.2d 677, 709 P.2d 782, 785 (1985). SLIC's trespass claim is without citation to the record or any supporting Washington precedent. The claim fails for the same lack of causation evidence that is fatal to SLIC's other claims.[6]

### III

Our affirmance of summary judgment should not be interpreted as expressing a conclusion that Steilacoom Lake is healthy or that appellants do not have a grievance that should be addressed by the responsible government officials. We may sympathize with the appellants' concern over the health of the lake, as did the district court.

Nothing in our opinion precludes the appellants from urging the appropriate city, county, state, and federal officials to work together with interested parties to seek, through other appropriate channels, a solution to the lake's problems. However, summary judgment on the claims asserted in this litigation was correctly granted by the district court under the applicable law.

**AFFIRMED.**

---

**6.** Because we hold that SLIC failed to offer evidence creating a genuine issue of material fact on the state law claims, we need not reach the district court's alternative holding that those claims were barred by their respective statutes of limitation.